IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RIDESHARE DISPLAYS, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 20-1629-RGA-JLH |
| LYFT, INC., Defendant. | ) | |

**DEFENDANT LYFT, INC.'S RULE 72 OBJECTIONS TO THE JULY 12, 2021 REPORT AND RECOMMENDATION ON LYFT'S MOTION TO DISMISS (D.I. 46)**

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Jennifer C. Tempesta
Baker Botts L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, NY 10112-4498
(212) 408-2500

Jeremy J. Taylor
Baker Botts L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
(415) 291-6200

Dated: July 26, 2021

# TABLE OF CONTENTS

I. APPLICABLE LAW ........................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. ARGUMENT ................................................................................................................. 4

A. The R&R erred by declining to find Claim 1 of the '987 Patent representative of all claims of the asserted patents. ........................................................................................ 4

B. Alice Step 1: The R&R erred by failing to find the claims of the asserted patents directed to the abstract idea of identifying a vehicle using visual indicators. ......................................... 5

C. Alice Step 2: The R&R erred in failing to find the claims of the asserted patents lack an inventive step. ................................................................................................................. 8

IV. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
882 F.3d 1121 (Fed. Cir. 2018)....................2

*Affinity Labs of Tex., LLC v. Amazon.com Inc.*,
838 F.3d 1266 (Fed. Cir. 2016)....................7

*Affinity Labs of Tex., LLC v. DIRECTV, LLC*,
838 F.3d 1253 (Fed. Cir. 2016)....................5, 7

*Alice Corp. v. CLS Bank Int'l*,
573 U.S. 208 (2014)....................1, 7

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
827 F.3d 1341 (Fed. Cir. 2016)....................8, 10

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018)....................4

*BSG Tech LLC v. BuySeasons, Inc.*,
899 F.3d. 1281 (Fed. Cir. 2018)....................7

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014)....................2

*Epic IP LLC v. Backblaze*,
351 F. Supp. 3d 733 (D. Del. 2018)....................7, 8, 10

*Fast 101 Pty Ltd. v. CitiGroup Inc.*,
424 F. Supp. 3d. 385 (D. Del. 2020)....................2, 4

*Fast 101 Pty Ltd. v. CitiGroup Inc.*,
834 F. App'x 591 (Fed. Cir. 2020) ....................4

*Finnavations LLC v. Payoneer, Inc.*,
No. 1:18-00444-RGA, 2018 WL 6168618 (D. Del. Nov. 26, 2018)....................9, 10

*Intellectual Ventures I LLC v. Symantec Corp.*,
838 F.3d 1307 (Fed. Cir. 2016)....................6, 7

*IPA Techs., Inc. v. Amazon.com, Inc.*,
352 F. Supp. 3d 335 (D. Del. 2019)....................9

*Rondevoo Techs., LLC v. Aernos, Inc.*,
No. 19-680-RGA, 2020 WL 1441116 (D. Del. Mar. 24, 2020) ....................10

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
873 F.3d 905 (Fed. Cir. 2017) ....................8, 9

*SynKloud Techs., LLC v. HP Inc.*,
No. 19-1360-RGA, 2020 WL 5798725 (D. Del. 2020) ....................2, 7

*Two-Way Media Ltd. v. Comcast Cable Commc'ns*, *LLC*,
874 F.3d 1329 (Fed. Cir. 2017)....................8

*Univ. of Fla. Research Found., Inc. v. Gen. Elec. Co.*,
916 F.3d 1363 (Fed. Cir. 2019)....................5

**STATUTES**

28 U.S.C. § 636(b)(1) ....................1

Fed. R. Civ. P. 72(b) ....................1

35 U.S.C. § 101 ....................1

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Defendant Lyft, Inc., objects to Magistrate Judge Hall's July 12, 2021 Report and Recommendation ("R&R") (D.I. 46) recommending denial of Lyft's Motion to Dismiss based on 35 U.S.C. § 101. The R&R erred by declining to find: (1) claim 1 of U.S. Patent No. 10,169,987 ("the '987 patent") representative of all claims of the five asserted patents; (2) those claims directed to an abstract idea; and (3) that the claims lack an inventive concept.

Claim Representativeness: the R&R erroneously found "claim 1 of the '987 Patent is not necessarily representative of all of the claims of all of the patents" (D.I. 46 at 6) at least because Lyft demonstrated all of the claims are substantially similar and linked to the same abstract idea.

*Alice* Step 1: the R&R found that whether the claims are directed to an abstract idea "is a close question," (*Id*. at 9), but erred in declining to find "all 45 claims are only directed to the abstract idea of 'identifying a particular vehicle using visual indicators'" (*Id*. at 8), in view of Lyft's showing of abstractness.

*Alice* Step 2: the R&R erred in finding "disputes of fact that preclude a holding at step two that the claims lack an inventive concept" (D.I. 46 at 10) because the patents themselves demonstrate lack of inventive concept, and analogous case law confirms abstractness of the claims.

The Court should decline to adopt the objected-to portions of the R&R and grant Lyft's motion to dismiss.

## I. APPLICABLE LAW

The Court can accept, reject, or modify the R&R. 28 U.S.C. § 636(b)(1)(C). Objections to a R&R regarding a dispositive motion are reviewed *de novo*. Fed. R. Civ. P. 72(b)(3).

Laws of nature, physical phenomena and abstract ideas are not eligible for patenting under 35 U.S.C. § 101. *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). "[P]atent eligibility

can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

> First, the court must determine whether the claims are drawn to a patent-ineligible concept. If the answer is yes, the court must look to the elements of the claim both individually and as an ordered combination to see if there is an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.

*SynKloud Techs., LLC v. HP Inc.*, No. 19-1360-RGA, 2020 WL 5798725, at *2 (D. Del. 2020) (internal citations and quotations omitted) (alteration in original).

A claim may be representative where "all claims are substantially similar and linked to the same abstract idea" *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotations omitted); *Fast 101 Pty Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 388 (D. Del. 2020) (one claim was "representative of the other claims in the Asserted Patents" because "all of the independent claims of the remaining patents recite the same concept . . . and the dependent claims offer only minor, non-technical variations").

## II. FACTUAL BACKGROUND

The '637 Patent, filed on May 27, 2015, is titled "Vehicle Identification System." D.I. 6-1. The remaining four asserted patents are continuations of the '637 Patent and share the same title and specification. D.I. 6-2–6-5. There are a total of 45 claims across the five asserted patents.

The asserted patents describe the technical field at issue as follows:

> The present disclosure relates generally to a system and method for vehicle identification. More particularly, the present invention relates to a system adapted to provide an indicator on a mobile communication device of a user having requested a ride service to allow the user to identify a vehicle prior to boarding the vehicle.

D.I. 6-1 at 1:20–25. The indicator may "be displayed on a display associated with an article of clothing (e.g., coat or hat) worn by the driver and/or displayed on a remote hand-held display device (e.g., tablet computer) held by the driver." *Id.* at 3:14–19. The indicator "may be displayable as a 'code' (e.g., a text string or alphanumeric string), an icon, or other identifier," that is displayed "to enable the [passenger] to identify the vehicle that he/she has requested for a ride service." *Id.* at 4:5–10. The claims use generic components to achieve the claimed results, e.g., :

> As used herein, the term "controller" may include any type of computing device, computational circuit, or any type of processor or processing circuit capable of executing a series of instructions that are stored in a memory associated with the controller. As it is used herein, "mobile communi-

> It is to be understood that the transceiver **120** may be any device capable of wireless communication with a mobile communication device **150** associated with the driver D and/or a mobile communication device **140** associated with the user P. For example, the transceiver **120** may consist of satellites instead of land-based cell towers.

*Id.* at 2:60-64; 3:63-4:3. Claim 1 of the '987 Patent recites:

> 1. A vehicle identification system, comprising:
>
> a display associated with a vehicle, wherein the display is located to be visible from an exterior of the vehicle by a rider;
>
> a controller communicatively coupled to a network and configured to, in response to receipt of a signal from a user, generate and transmit a first signal representing an indicator via the network to a mobile communication device associated with a driver of the vehicle; and
>
> wherein, in response to receiving the first signal, the mobile communication device associated with the driver of the vehicle generates and transmits a second signal representing the indicator to the display, the indicator identifies the vehicle.

D.I. 6-2 at 7:33–46.

## III. ARGUMENT

### A. The R&R erred by declining to find Claim 1 of the '987 Patent representative of all claims of the asserted patents.

The R&R erred in determining that "I cannot conclude at this stage of the case that claim 1 of the '987 Patent is representative of all of the claims in the asserted patents." D.I. 46 at 7.

Lyft established claim representativeness in the briefing on its motion to dismiss and at oral argument, and Lyft's representativeness showing directly analyzed the claim language. *See* D.I. 15 at 12-17; D.I. 15-1 (Ex. A); D.I. 20 at 6-8; Ex. A (Hr'g Tr.) at 17-22; Ex. B (Hr'g Presentation) at 8-11. The R&R identified claim elements not in the representative claim (D.I. 46 at 6), but those additional elements are not legally distinctive and therefore do not rebut Lyft's representativeness showing. *See*, *e.g.*, *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) ("Courts may treat a claim as representative . . . if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim . . . ."); *Fast 101 Pty Ltd. v. CitiGroup Inc.*, 834 F. App'x 591, 592 (Fed. Cir. 2020) (finding one claim "representative of all 234 asserted claims").

The R&R determined that claim 1 of the '987 Patent is merely one example of all of RSDI's claims, and distinguished claims that require an indicator be sent to a mobile device associated with a rider as well as claims that require the indicator signal be transmitted based on the proximity of the rider and driver. *See* D.I. 46 at 6. Lyft addressed both limitations as well as those identified by RSDI as allegedly distinct from claim 1 of the '987 Patent, either in its Motion and/or in its Reply Brief. *See* D.I. 15 at 12–17; D.I. 20 at 7-8. Specific to the limitations discussed in the R&R, requiring the transmission of a signal when the driver's vehicle is within a predetermined distance of a location is a routine and conventional step of the abstract concept of vehicle identification by visual indicators. *See Fast 101 Pty Ltd. v. CitiGroup Inc.*, 424 F.

Supp. 3d. 385, 387-88 (D. Del. 2020) (finding one claim representative where all of the independent claims of the other patents described the same concept, and the dependent claims described "only minor, non-technical variations"); *e.g.*, *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1264 (Fed. Cir. 2016) (claim limitations that are well-known, routine, conventional functions do not transform an abstract idea into patentable invention). Similarly, the requirement that an indicator signal is transmitted to a mobile device associated with the rider also fails to transform the concept into a patentable idea. This limitation simply allows the rider to identify the vehicle by matching the visual indicator on the rider's phone to that on the display of the vehicle. *See id.* Neither of these limitations, nor any of RSDI's identified differences between claim 1 of the '987 Patent and other claims of the asserted patents, impact the Section 101 analysis.

Since the claims are all directed to the abstract idea of vehicle identification using visual indicators, the Court should overrule the R&R to find Claim 1 of the '987 Patent representative.

**B.     Alice Step 1: The R&R erred by failing to find the claims of the asserted patents directed to the abstract idea of identifying a vehicle using visual indicators.**

The R&R agreed "there is no dispute that all of the claims are [ ] directed to systems and methods for vehicle identification." D.I. 46 a 7. The R&R went on to find, however, that the claim language includes "some detail about the manner in which those vehicles are identified." *Id.* But these details do not save the claims from abstractness. A vehicle identification system with a generic "display," "controller," and "mobile communication device" is a "quintessential 'do it on a computer' patent" that is directed to an abstract idea. *See Univ. of Fla. Research Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019).

In its *Alice* Step 1 analysis, the R&R stated "the specification suggests that, prior to the patented invention, there was a need to improve rider and driver security and that the claimed

invention, with a separate controller that sends a verification signal to the driver and the rider, is a solution to that problem." D.I. 46 at 7-8. To the contrary, Lyft showed that the purported invention of the asserted patents—identifying a particular vehicle using visual indicators—has been performed by humans since vehicles have existed. For example, drivers at airport pickup locations routinely hold signs displaying passengers' names or other visual indicators (hotel name, group ID, etc.) that distinguish vehicles in a crowded area.

It has been commonplace for decades for a traveler to set up a car service for transportation upon arrival at a destination. Once a traveler makes a reservation, via low-tech means such as a telephone, they are told to meet a driver at the airport holding a sign with an identifier such as the traveler's name. Upon arrival, the traveler looks for a driver holding a sign with his or her name and can approach the driver with confidence that they have selected the correct driver. The specification itself describes this scenario as one way in which the claimed indicator can be displayed: "[t]he indicator may additionally, or alternatively, be displayed on a display associated with an article of clothing (e.g., coat or hat) worn by the driver and/or displayed on a remote hand-held display device (e.g., tablet computer) held by the driver." D.I. 6-2 at 3:17–22. The asserted patents claim this abstract idea, implemented on generic computer technology as shown below:

| **Claim Language (Representative Claim 1 of the '987 Patent)** | **Low-Tech Implementation** |
|---|---|
| a display associated with a vehicle, wherein the display is located to be visible from an exterior of the vehicle by a rider; | paper held by driver or displayed in car window |
| a controller communicatively coupled to a network and configured to, in response to receipt of a signal from a user, generate and transmit a first signal representing an indicator via the network to a mobile communication device associated with a driver of the vehicle; and | dispatcher who tells driver the name of the passenger to pick up in response to a passenger's reservation using a telephone |
| wherein, in response to receiving the first signal, the mobile communication device associated with the driver of the vehicle generates and transmits a second signal representing the indicator to the display, the indicator identifies the vehicle. | driver writes the name of the passenger on the paper in the car window for the passenger to see upon arrival |

This low-tech analysis demonstrates the ineligibility of the asserted patents. *See, e.g., Intellectual*

*Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) (finding email processing software program abstract through comparison to a "brick-and-mortar" post office).

While the R&R correctly stated that an appropriate Step 1 analysis compares asserted claims to claims that have been considered in previous decisions, the R&R incorrectly applied the first line of cases summarized by Judge Bryson in *Epic IP LLC v. Backblaze*, 351 F. Supp. 3d 733, 737 (D. Del. 2018). D.I. 46 at 8-9. The R&R simply stated that this case is not like the first line of cases which hold that methods of organizing human activity are abstract. However, this case can be analogized with the first line of cases since the asserted claims utilize known computer components to perform conventional steps to organize human activity. *See Alice*, 573 U.S. at 220; *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d. 1281, 1285 (Fed. Cir. 2018) ("If a claimed invention only performs an abstract idea on a generic computer, the invention is directed to an abstract idea at step one"). Claims that "can be implemented in myriad ways ranging from the low-tech . . . to the high-tech" or seek to cover commonplace human activity concern abstract ideas. *Affinity Labs v. DIRECTV,* 838 F.3d at 1258; *see also SynKloud Techs.,* 2020 WL 5798725, at *5 ("Courts have also found that such claims are directed to longstanding practices of human organization."); D.I. 15 at 3-5; D.I 20 at 1-2. "In addressing the first step of the section 101 inquiry, as applied to a computer-implemented invention, it is often helpful to ask whether the claims are directed to 'an improvement in the functioning of a computer,' or merely 'adding conventional computer components to well-known business practices.'" *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1270 (Fed. Cir. 2016) (citation omitted). As confirmed above, Lyft showed in its motion how the asserted claims have been implemented in low-tech contexts since vehicles existed, confirming their abstractness. *See* D.I. 15 at 3-5.

While Lyft agrees with the R&R that the second line of cases described in *Epic IP* is

best applied to computer applications and software, the asserted claims here neither improve the capabilities of a computing device nor solve a technological problem specific to computer networks. *See Epic IP*, 351 F. Supp. 3d. at 737-38.

In the third line of cases, the Federal Circuit instructed courts to "look to whether the claims focus on a specific means or method, or are instead directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery." *Two-Way Media Ltd. v. Comcast Cable Commc'ns*, *LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). RSDI admitted at Oral Argument that "all of the technical aspects here are generic," e.g., the controller and receiver. Ex. A (Hr'g Tr.) at 41:18-42:4; 27:25-28:2.

Overall, Lyft demonstrated that the claims are all directed to the abstract idea of identifying a particular vehicle with visual indicators. The R&R erred in finding otherwise.

**C. Alice Step 2: The R&R erred in failing to find the claims of the asserted patents lack an inventive step.**

The R&R erred by "ultimately agree[ing] with RSDI that *Bascom* prevents the Court from concluding, as a matter of law, that the claims here lack an inventive concept." D.I. 46 at 10. But the claims here are not analogous to those in *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016). Instead, they are most analogous to the claims found invalid in *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905 (Fed. Cir. 2017):

| ***Secured Mail* Representative Claim** | **RSDI Representative Claim** | **Functions** |
|---|---|---|
| 1. A method for providing electronic data to a recipient of a mail object, comprising: | 1. A vehicle identification system, comprising: | |
| using an output device to **affix a single set of mail ID data to said mail object**, said single set of mail ID data including at least recipient data, said recipient data comprising a personalized network address associated with said recipient of said mail object; submitting said mail | **a display associated with a vehicle**, wherein the display is located to be visible from an exterior of the vehicle by a rider; | **Identifying/ display** |

| | | |
|---|---|---|
| object to a mail carrier for delivery to said recipient of said mail object; | | |
| **receiving said recipient data from a reception device of said recipient via a network**; and **providing by at least one processor said electronic data to said reception device via said network in response to receiving said recipient data**, said electronic data including data on a content of said mail object; | a controller communicatively coupled to a network and configured to, **in response to receipt of a signal from a user, generate and transmit a first signal representing an indicator via the network to a mobile communication device associated with a driver of the vehicle**; and | **sending/ receiving signals** |
| wherein **said reception device displays said electronic data to a recipient of said mail object by displaying said electronic data on a screen of said reception device**. | wherein, **in response to receiving the first signal, the mobile communication device associated with the driver of the vehicle generates and transmits a second signal representing the indicator to the display, the indicator identifies the vehicle**. | **Displaying in response to a signal** |

D.I. 40 at 3; *see Secured Mail*, 873 F.3d at 912 ("[T]he asserted claims cite well known and conventional ways to allow generic communication between a sender and recipient using generic computer technology.").

The R&R further erroneously stated that the Court "must take as true at this stage, alleg[ations] that the claimed arrangement of generic components is not routine and conventional and that the claimed invention solves a known problem with ridesharing safety with a unique and previously unknown and nonconventional solution." D.I. 46 at 11. Rather, "at the motion to dismiss stage, factual allegations in the complaint which contradict the specification, or the claims need not be credited as true under the Rule 12(b)(6) analysis." *IPA Techs., Inc. v. Amazon.com, Inc.*, 352 F. Supp. 3d 335, 343 (D. Del. 2019). This Court acknowledged, post-*Berkheimer*, that "[p]atentability under 35 U.S.C. § 101 is a threshold legal issue. Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter." *Finnavations LLC v. Payoneer, Inc.*, No. 1:18-00444-RGA, 2018 WL 6168618, at *2 (D. Del.

Nov. 26, 2018) (internal citation omitted). Here, "there is not a single technical improvement that is claimed in the asserted patents, and the claimed components are described based on their functions rather than on specific improvements in hardware or any technical explanation as to how to implement them in an inventive way." *Rondevoo Techs., LLC v. Aernos, Inc.*, No. 19-680-RGA, 2020 WL 1441116, at *5 (D. Del. Mar. 24, 2020) (finding asserted claims directed to patent ineligible abstract idea and granting motion to dismiss).

The asserted claims are distinguishable from those in *Bascom*, which were directed to solving a problem based entirely in computer technology. *See* 827 F.3d at 1346. First, it is worth noting that the R&R acknowledged in its Step 1 analysis that the asserted patents do not fall in line with the second line of cases in *Epic IP* because those cases were directed solely to a computer application. D.I. 46 at 9. The R&R contradicted itself by then relying on *Bascom*—a case directed solely to a computer application—in its Step 2 analysis. *See id.* at 62-63; *Bascom*, 827 F.3d at 1343-46. The R&R agreed with RSDI that the externally located controller in the asserted patents is not, as a matter of law, conventional or generic by analogy to the remote server in *Bascom*. D.I. 46 at 11. However, the remote server in *Bascom* was characterized as a specialized ISP server that solved a technological problem by providing individualized benefits of local software and security benefits of ISP-server-located software (which existed at the time). *See Bascom*, 827 F.3d at 1344. The limitations raised by RSDI and relied upon by the R&R do not add an inventive concept, nor does the ordered combination of those limitations do so.

## IV. CONCLUSION

The Court should decline to adopt the objected-to portions of the R&R and grant Lyft's motion to dismiss.

ASHBY & GEDDES

/s/ *John G. Day*

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Jennifer C. Tempesta
Baker Botts L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, NY 10112-4498
(212) 408-2500

Jeremy J. Taylor
Baker Botts L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
(415) 291-6200

Dated: July 26, 2021

**CERTIFICATION**

Pursuant to the Standing Order for Objections Filed Pursuant to Fed. R. Civ. P. 72 dated October 9, 2013, The undersigned counsel certifies that these objections do not raise new legal/factual arguments.