IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| RIDESHARE DISPLAYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LYFT, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-1629-RGA-JLH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM ORDER**

Presently pending before the Court is Defendant's Motion to Stay. (D.I. 74.) Defendant's motion is DENIED. The Court held a hearing on December 9, 2021. ("Tr. __.") The decision of the Court was announced from the bench at the conclusion of the hearing as follows:

> I am ready to rule on [Defendant Lyft's] motion to stay. (D.I. 74.) I have carefully considered all of the papers, and I listened carefully to the oral argument today as well. The motion to stay is denied, but the alternative request to move the *Markman* hearing will be granted and, of course, Lyft is free to [file another motion] to stay after the [Patent Trial and Appeal Board] (PTAB) issues its institution decision.
>
> Just as a bit of background, [Plaintiff filed] this . . . action on November 30, 2020, alleging that Defendant Lyft infringes five patents relating to systems that allow customers of ride-sharing applications to securely verify they are getting into the correct car.
>
> Lyft filed a Rule 12(b)(6) motion to dismiss based on [35 U.S.C.] § 101. The Court denied the motion on September 30, 2021, and Defendant answered on October 28, 2021, almost a year after the case was filed. However, the Court had previously entered a scheduling order on May 7, 2021, which scheduled a *Markman* hearing for March 2022, a fact discovery deadline [in] June 2022, and a trial in May 2023. Pursuant to that schedule, Plaintiff served its initial infringement contentions on July 29, 2021.

On October 1, 2021—between Plaintiff's July infringement contentions and Defendant's October Answer—Defendant filed five petitions for [inter partes review] (IPR), one for each of the asserted patents. (D.I. 74 at 2.) Defendant's petitions argue that the asserted patents are invalid over the prior art. At least two of the key references relied on by Defendant were cited on the face of four of the five asserted patents.

Whether to grant a stay is a matter committed to the Court's discretion. To decide whether to stay a case, the Court considers the totality of the relevant circumstances, typically paying particular attention to three factors: (1) whether a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.[1] The party seeking the stay bears the burden of demonstrating circumstances that, balanced together, support an exercise of the Court's discretion to stay.[2]

Turning to the first factor, there's no question that a stay might simplify this case dramatically. As courts have noted, there are several ways in which a stay pending PTAB review may simplify the issues for trial.[3] Accordingly, courts in this district and others often grant stays once an IPR is instituted. Here, however, no IPR has been instituted. Defendant filed its petitions in October 2021, and the parties do not expect to have an institution decision until April 2022.

The PTAB might choose to institute review on all of the [asserted] patents, some of them, or none of them. If it institutes on all or some of them, the case might be simplified. If it institutes review on none of them, this case will not be materially simplified. It is too speculative at this time to conclude that a stay will—or even is likely to—simplify the issues for trial.

I note that the Patent Office has broad and unreviewable discretion over whether to institute IPRs that challenge patents. According to statistics available on the PTO website, last year it

---

[1] *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (quoting *Nokia Corp. v. Apple Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011)).

[2] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

[3] *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *2–4 (D. Del. July 2, 2013); *see also* 35 U.S.C. § 315(e).

2

granted [institution on] fifty-six percent of petitions for IPR.[4] I also saw a statistic that the majority of IPR petitions, over sixty percent, do not invalidate any claims.[5]

Defendant suggested in its papers and at the hearing today that with several petitions challenging several claims it was likely that at least one IPR would institute. Defendant pointed to the *MiiCs* case for [the] proposition, essentially, [that] if there are a lot of claims and patents, you should stay because probably one claim will get instituted.[6] But that is a statistically dubious proposition in this particular case, as counsel acknowledged, because there is no reason to believe that the PTAB's institution decisions on each petition are statistically independent—Defendant's IPR [petition]s all assert similar grounds against only a handful of claims in one family of patents.

Of course, there is no statistical threshold for granting a stay—which is a discretionary decision—but courts in this district have generally recognized that there is meaningfully less likelihood of IPRs simplifying a case before the PTAB has decided whether to institute review. Defendant Lyft has not persuaded me that this case should stand out from the pack or steer a different path. Accordingly, while it is possible that IPRs may ultimately simplify the issues in this case, this factor does not weigh in favor of a stay at this time.

Turning to the stage of the proceedings, courts typically focus on whether fact discovery is complete and whether a trial date has been set. One of the things the court is trying to gauge here is how much work might be avoided if we stay the case now. If the case has progressed significantly, there is less of an opportunity to create efficiencies with a stay.

It is true that some fact discovery has occurred here, but the current claim construction hearing date is three months away, there are several months left of fact discovery, the trial date is a year and

---

[4] U.S. Pat. & Trademark Off., *PTAB Trial Statistics: FY21 End of Year Outcome Roundup IPR, PGR, CBM*, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021__roundup.pdf (September 30, 2021).

[5] *Trial Statistics: FY21*, *supra* note 4.

[6] *MiiCs & Partners Am. Inc. v. Toshiba Corp.*, No. 14-803, 2015 WL 9854845, at *1–2 (D. Del. Aug. 11, 2015).

a half away. In short, there is no strong reason based on the stage of the case to deny a stay. This factor weighs in favor of a stay.

I next consider whether a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff, the non-moving party. I conclude the stay requested in this case would unduly prejudice Plaintiff. Plaintiff contends that the proposed delay would be unfair because it would delay the Court's claim construction process and it would delay the trial, thus preventing Plaintiff from fairly competing in the ride-sharing security market for a prolonged period. As for Plaintiff's concern about delaying claim construction, Plaintiff seems to be concerned, at least from the papers, about which tribunal will issue a claim construction opinion first. The PTAB is perfectly capable of fairly construing the asserted patents and Plaintiff has not yet shown enough investment in the upcoming claim construction hearing to counsel against granting a stay.

However, the court has previously recognized that delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor.[7] Even if we picked back up on the day that the institution decisions come out in April, we are losing five months and I think everybody on the line here today agrees that there would not be time to complete discovery and motions practice and maintain the current trial date.[8] And, while the mere potential for delay is insufficient to establish undue prejudice,[9] here a stay would almost certainly cause delay, and the prejudice accompanying that delay is undue because, as I said earlier, it's only speculative that the issues would be simplified. I also cannot dismiss the possibility that a delay might prevent Plaintiff from getting their product onto the market. [Therefore, this factor weighs against granting a stay.]

Defendant contends that it will suffer undue prejudice from having to proceed in parallel in two proceedings. (D.I. 74 at 5.) That argument is a nonstarter . . . because Defendant chose to petition for IPRs in parallel with this suit and chose when they filed their petitions. Nor do I find any other considerations that weigh materially in favor of granting or denying Defendant's motion.

---

[7] *See, e.g.*, *Neste Oil*, 2013 WL 3353984, at *2.

[8] Tr. 11:2–24.

[9] *Neste Oil*, 2013 WL 3353984, at *3.

4

On balance, I am not persuaded that a stay of the entire case is appropriate here. [Defendant Lyft's] request to stay all proceedings is DENIED.

As I mentioned, Lyft has requested, in the alternative, that the Court deny its motion with leave to renew if the PTAB institutes [IPRs], and that request is GRANTED.

Lyft also requests that the Court postpone the currently scheduled *Markman* hearing to go after the institution decisions. That request is also GRANTED. In granting that request, I considered the potential for the parties and the Court to realize efficiencies, and there is such a potential. Plaintiff also agreed during the hearing today that the *Markman* hearing can be moved back slightly without causing any prejudice to Plaintiff.[10] So if we reschedule that hearing and I target . . . get[ting] the Court's *Markman* ruling out, if not the day of the rescheduled hearing, then within a couple of weeks, there should be no prejudice. [A]s I mentioned earlier, it doesn't prejudice Plaintiff not to have a [claim construction] ruling from this Court before the IPR proceedings, especially since the PTAB and the Court now apply the same standards for claim construction.

Dated: December 17, 2021

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[10] Tr. 17:8–18:22.